Davidson v. Sprague.

JOHN DAVIDSON AND RICHARD REARDON, IMPL'D, ETC.,

v.

THOMAS T. SPRAGUE.

*Trespass—Action for Damages for Flooding Plaintiff's Land—Evidence —Review of—Practice—Trial by Court—Effect of Finding.*

1. When a jury is waived and the cause is tried by the court, the finding is entitled to a like consideration as the verdict of a jury found under like circumstances.

2. In an action of trespass to recover damages for flooding plaintiff's land by means of a defective tile drain, it is *held:* That the appellants are not shown by the evidence to have been privy to the act of extending a certain drain made by them, said extension which caused the injury complained of having been made by the other defendant; and that the appellants had a right to assume that the other defendant would carry out his offer to take care of the water from their drain in a proper manner and are not liable for his failure so to do.

Davidson v. Sprague.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellants.

Lord had a right to drain his farm by ditches, increasing the flow of the water, and thereby redeem it and render it fit for agricultural purposes. His land lay high above the river bottom. This ravine was lower than the rest of the land. He had a right to drain into it. Peck v. Herrington, 109 Ill. 611.

The Commissioners would have the same right to improve the highway that a private owner would have to improve his own land. Nevins v. City of Peoria, 41 Ill. 502 ; Palmer v. O'Donnell, 15 Ill. App. 324.

In actions *ex delicto* the evidence must apply to all the defendants. Evidence affecting one alone is not competent, and any element of damages for which one alone is responsible should not enter into the judgment. Smith v. Wunderlich, 70 Ill. 426.

The fact that the injury complained of is the remote result of the act of appellants or that it would not have occurred but for their act, is not enough, if some other cause intervened which is the proximate cause of the injury. Wood, etc., Association v. Dubuque, 30 Iowa, 176.

When the Commissioners with Lord's permission terminated this drain at the hedge fence, and left the water to flow thence south on Lord's land to the creek, can they be held to have intended that as a proximate result of their act Lord would direct this water and drain it across forty acres of land upon which crops grew, to the ravine ? We challenge an inspection of the record for one word of evidence connecting them with the construction of this latter drain. The acts done by the Commissioners were not trespasses. They were lawful, and even in cases of trespass the rule contended for uniformly applies. Cox v. Burbridge, 13 C. B. 430.

There must be an immediate and natural relation between the act complained of and the injury, *without the intervention*

*of other independent cases*, or the damages will be too remote. Rucker v. Athens Mfg. Co., 54 Ga. 84.

Messrs. E. C. HAGAR, FLANDERS & SHUTTS and A. O. MARSHALL, for appellee.

The evidence, as a whole, discloses that the defendant changed the natural outlet of his pond or lake from a westerly to a northeasterly course by a cut of eleven feet and thereby changed its natural outlet, precipitating the water upon appellee's land, which could not have happened but for the act of the defendants in excavating this ditch.

The defendants in this case are jointly and severally liable for all damages resulting from the construction of this ditch. Tearney v. Smith, 86 Ill. 391.

LACEY, J.   The appellee sued appellants in an action of trespass on the case, charging as the grounds of his action that appellants wrongfully caused to be dug a certain ditch or tile drain near his land in so careless and improper a manner that large quantities of surface water flowed from the ditch down to and upon the lands of the appellee, rendering them less fit for use and occupation than theretofore by reason whereof he was damaged. All the defendants were served with summons, and the appellants pleaded not guilty, and the other defendant, Lord, having left the State, made no defense, and default was entered against him.   A jury was waived and the cause was tried by the court and appellants found guilty, and the court assessed appellee's damages at $50, for which judgment was duly rendered.

The appellants claim as ground of reversal that, firstly, the appellee's land was the servient estate to that sought to be drained by appellants, and that they drained their land as they lawfully might do, into an open ravine, which carried the water upon the land of appellee, and cite Peck v. Herrington, 109 Ill. 611, 619; Nevins v. Peoria, 41 Ill. 502, and Palmer v. O'Donnell, 15 Ill. App. 324, in support of their position.

Secondly, appellants maintain that whatever damage may have been done to the appellee by the flowage of water upon

his land, was not caused by them directly, but was caused by the wrongful acts of their co-defendant, Lord, in which acts they did not participate directly or indirectly. That the acts done by them were only the remote cause of the drainage, and that they are in no wise legally responsible to appellee for his injuries, if he received any.

These are the points upon which we are called to pass in this case.

The facts in the case are very little disputed and seem to be clear, and as the case was tried by the court, and no proposition of law was asked to be held by the court, the rightfulness or wrongfulness of the finding of the court must be passed upon by us as a question of the weight of evidence.

But in passing upon the question of fact it will be necessary also to keep in mind the law governing in a case like this, so that we may be able to see the bearing the evidence may have, at the same time giving the finding of the court below the same consideration that the verdict of the jury would be entitled to under like circumstances.

As to the first point raised, as there is in fact no distinctive law question raised, we can not say that the weight of the evidence would so far preponderate in appellants' favor as that the verdict should be set aside. We can not say that it is manifest the water from the pond drained would have come through the ridge cut by the drain in question in a state of nature as seems to be contended by appellants.

But as we will hereafter show, that may be an immaterial question and we will not pursue it farther.

The situation of the premises are about as follows, as near as we can gather it from the evidence. The course of the Des Plaines River at the point in question is nearly north and south. West of the river extend the river bottoms to the bluffs; on these bottoms is what is known as the appellee's pasture and stone quarry, on which the damage is said to have been done by the increased flow of water caused by appellants' ditches. The bottom is bordered on the west by the bluff, some thirty feet high, and along the edge of this bluff runs the Joliet and Chicago wagon road. On the west side of this

road, fronting east and overlooking the river bottom, are Lord's house and barns, the barns and cow-yard lying south of the house. A ravine begins in Lord's field back of his house, runs south, turns the southwest corner of his barn-yard, and then runs easterly across the wagon road under a high stone culvert and empties into the river bottoms and on the land of appellee. West of this road and barn-yard lies a forty-acre piece of tilled land, bordered on the west by a hedge fence in which there is a gap. This gap in the hedge fence was the terminus of the tile drain cut by the order of appellants. The gap spoken of is southwest from Lord's barn-yard and ravine nearly forty rods.

The Joliet and Chicago road follows the bluff, though not in a direct line, and cuts section twenty-seven so that at Lord's house the road is about forty rods from the hedge fence, which fence is on the east line of the southwest quarter of section twenty-seven. It is on the half-section line. Northwest from this gap in the fence and on the northwest quarter of section twenty-seven was a large pond, beginning near the south line of the northwest quarter of section twenty-seven and extending north and turning west and covering the highway between sections twenty-seven and twenty-eight. Another and different highway from the first is mentioned; south of the south end of this pond and about the line between the southwest quarter and the northwest quarter is a sharp, narrow ridge of land several feet higher than the pond. This pond covered five or six acres and had rendered the west road impassable for many years. The defendant owned the west half of section twenty-seven, on which the pond and ridge were situate, and also the forty acres east of the hedge fence extending to his house on the Joliet and Chicago road. The appellants, John Davidson, Richard Reardan and Robert Goudy, were the Highway Commissioners of the town. In 1881 the above named Commissioners of Highways of Du Page Township desiring to drain the said west road were told by Lord if they would lay a tile southwesterly from the pond to this narrow ridge to the gap in the hedge fence above mentioned, he would take care of the water at that point. In pursuance of the under-

standing the Commissioners laid said tile from the pond through this ridge to the gap in the fence, a distance of some 200 rods, at a cost of $200.

The tile emptied at the gap in the hedge fence into a trough placed there under the end of the tile. The water then ran there for some time, draining the pond as the evidence shows, and the overflow of the trough ran south along the hedge fence to a school house some distance away and into a depression that carried it into the Lilly Cache River and thence into the Du Page River, and the water did not run onto the appellee's land at all.

Afterward the defendant Lord cut a ditch and laid a tile drain connecting with this tile at said gap in the hedge fence and carried it from that point east and a little north across the forty-acre tract mentioned and emptied the water into said ravine at the barn yard, where it was carried down the ravine across the Joliet and Chicago road and fell down the bluff on to the river bottom and ran upon appellee's land, and for the damages occasioned by this overflow this suit is brought.

Had it not been for the tile drain laid by Lord without any privity or encouragement on the part of appellants, this drainage, as clearly appears from the evidence, as we think, would not have occurred.

When the tile drain had been completed no damage had been done and nothing done by means of which any damage could accrue to appellee; up to that point no cause of action could accrue to appellee. Unless appellants were in some way privy to the act of extending the drain no fault could in any sense be attributed to them.

The direct cause of the damage was the extension of the drain by Lord. The fact that Lord told appellants that he would take care of the water at the hedge fence could not be construed into proof that Lord agreed to take it in the course he did. It would rather be supposed that the latter would take it down the hedge fence where it naturally ran and where it would do no damage to any one, than that he would take care of it in such a manner as to injure the appellee. The appellants neither aided, encouraged, nor advised Lord to dig the ditch

Davidson v. Sprague.

as he did. They did not know that he contemplated it. That the water ran off south from the point of the gap in the hedge fence and did not run upon appellee's land appears to be abundantly established by the testimony of appellant Davidson, Peter Ward, Kirkham, S. J. Williams and Charles Found.

The appellee claims in his brief that in consequence of the agreement that Lord would take care of the water at the hedge fence they were equally liable with Lord. That it was their duty to see that Lord carried out the agreement so as not to injure appellee. We think this is not a legitimate deduction from the facts proven.

It made no difference to appellants where Lord took the water. After their tile was laid to the hedge fence the road was perfectly drained and they had no need for the extension of the tile drain. It was not at their request or even for their benefit that it was extended. It was wholly for Lord's benefit. And the fact that the digging of the ditch by appellant gave Lord an opportunity to do mischief could in no legal sense make their acts the proximate cause of the injury. Lord's act was the cause, not theirs. We find no evidence in the record to show that the water from the pond at the west road could have reached appellee's land without the Lord tile drain. When the witnesses for appellee speak of the water from the pond running onto his land they all appear to have in mind the fact of the existence of the Lord drain as well as the other.

The evidence fails to connect appellant with acts that caused the damage to appellee's land, and for this reason the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*